[Cite as *State v. Lemasters*, 2012-Ohio-3080.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97611**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MYRON LEMASTERS

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-537789

**BEFORE:** Jones, J., Blackmon, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**FOR APPELLANT**

Myron Lemasters, pro se
Inmate No. 600-611
Mansfield Correctional Institution
1150 North Main Street
P.O. Box 788
Mansfield, Ohio 44901-0788


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Mary H. McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant, Myron Lemasters, appeals from the trial court's November 3, 2011 judgment denying his motion to alter, amend, or vacate void sentence. We affirm.

I.

{¶2} In June 2010, Lemasters was criminally charged in a 21-count indictment; numerous specifications were also charged. In February 2011, Lemasters pleaded guilty to amended Count 1, rape, and amended Count 3, gross sexual imposition. The remaining counts and specifications were dismissed. As part of the plea negotiations, Lemasters and the state agreed to a recommended sentence of 15 years-to-life. The parties agreed that the counts would not merge at sentencing. Specifically, the recommended sentence, which was put in writing, stated that the parties agreed that the acts in the two counts were committed with a separate animus and were separate events.

{¶3} The trial court adopted the parties' recommendation and sentenced Lemasters to ten years-to-life on Count 1 and five years on Count 3, to be served consecutively, for an aggregate sentence of 15 years-to-life. The court imposed a mandatory five-year term of postrelease control on each of the two counts.

{¶4} In August 2011, Lemasters filed a motion to withdraw his plea, which the trial court denied. No appeal was taken. In October 2011, Lemasters filed a motion to alter, amend, or vacate void sentence; the motion was denied. Lemasters has appealed from the judgment denying his motion to alter, amend, or vacate void sentence, and

assigns the following errors for our review:

[I.] The trial court erred when it denied appellant's motion for re-sentencing when it found appellant to have had a separate animus for each of his offenses.

[II.] The trial court err[ed] in misinforming defendant-appellant that the maximum sentence of 65 years[-]to[-]life could be imposed should appellant proceed to trial and be found guilty of all counts and specifications in the indictment and did such deprive appellant of his constitutional right to enter a plea that was knowingly, intelligently, and voluntarily [made].

[III.] Misconduct did occur on the part of the prosecution when the prosecution secured a guilty plea to all felonies in the multi-count indictment where such pleas was based upon misinformation given [to] the appellant as to the amount of sentence he would receive if he did not plead guilty.

[IV.] Trial counsel fail[ed] to provide effective assistance of counsel leading to the entry of an unknowingly, unintelligently, and involuntary guilty plea and erroneous sentence by (a) not challenging and arguing that the crimes charged in the multi-count indictment should merge as allied offenses of similar import and (b) by not questioning the trial court's erroneous admonishment during the plea colloquy of the maximum sentence that could be imposed should the appellant proceed to trial.

[V.] The trial court erred in improperly sentencing appellant to separate sentences for offenses which should have been merged as allied offenses of similar import pursuant to Ohio Revised Code §2941.25(A).

[VI.] The trial court committed plain error when it failed to hold a hearing to determine the applicability of allied offenses and whether Ohio Revised Code §2941.25(A) should have applied to appellant's case.

## II.

{¶5} In his first assignment of error, Lemasters contends that the trial court erred in denying his motion to alter, amend, or vacate his sentence. Lemasters contends that

the motion should have been granted because he was not subject to postrelease control and his offenses were allied and subject to merger. We disagree.

{¶6} In regard to postrelease control, under R.C. 2967.28(B)(1), a mandatory five-year period of postrelease control is required for a felony of the first degree or a felony sex offense. Count 1, rape, was both a first degree felony and a felony sex offense. Count 3, gross sexual imposition, was a felony sex offense. The Ohio Supreme Court has addressed the issue of imposing postrelease control for a defendant sentenced to an indefinite term of life for rape in violation of R.C. 2907.02. The Court held:

> After applying the rules of grammar and common usage to R.C. 2967.28(B)(1), we find that the statute's plain, unambiguous language expressly requires the inclusion of a mandatory postrelease-control term of five years for each prison sentence for felonies of the first degree and felony sex offenses. [The defendant] was convicted of rape in violation of 2907.02, which is both a felony of the first degree and a felony sex offense. R.C. 2907.02(B) and 2967.28(A)(3). Therefore, R.C. 2967.28(B) required that a five-year term of postrelease control be included in his sentence.

*State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶ 14.

{¶7} In light of the above, the trial court properly sentenced Lemasters to five years postrelease control on each of the two counts.

{¶8} We also find that the trial court properly sentenced Lemasters on each count. Lemasters contends that the offenses were allied and should have merged at sentencing. Under R.C. 2941.25:

(A) Where the same conduct by defendant can be construed to constitute

two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶9} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court established the proper analysis for determining whether offenses qualify as allied offenses subject to merger under R.C. 2941.25:

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." [*State v.*] *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses

of similar import and will be merged.

Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge.

(Emphasis sic.) *Id.* at ¶ 48-51.

{¶10} Under this analysis, there may be circumstances in which gross sexual

imposition and rape could be allied offenses of similar import. But the *Johnson* court has recognized that this analysis may produce varying results in different cases involving the same set of offenses. *Id.* at ¶ 52. "[D]ifferent results are permissible, given that the statute instructs courts to examine a defendant's conduct — an inherently subjective determination." *Id.*

**{¶11}** Lemasters has not provided any analysis in support of his claim that the rape and gross sexual imposition counts were committed by the same conduct. Further, the record does not contain a transcript of the proceedings and we therefore presume regularity. *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 8.

**{¶12}** Moreover, the parties specifically agreed that the acts in the two counts were committed with a separate animus and were separate events. R.C. 2953.08(D)(1) provides an exception to a defendant's general right to appeal his sentence. The section provides as follows:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

**{¶13}** The Ohio Supreme Court addressed R.C. 2953.08(D)(1) in terms of parties agreeing to a sentence in which counts should have merged. The Court held that:

> A sentence that is "contrary to law" is appealable by a defendant; however, an agreed-upon sentence, may not be if (1) both the defendant and the state agree to the sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law. R.C. 2953.08(D)(1). If all three conditions are met, the defendant may not appeal the sentence.

*State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 16.

**{¶14}** In *Underwood*, the state and defendant agreed to a sentence, which the trial court imposed, but which, even by the state's acknowledgment, consisted of allied offenses. The Ohio Supreme Court held that the trial court was required under R.C. 2941.25 to merge the allied offenses. But in so holding, the Court noted the following:

> [N]othing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

*Id.* at ¶ 29.

**{¶15}** Here, the recommended sentence agreed to by the state and Lemasters as part of their plea bargain specifically included a stipulation that the rape and gross sexual imposition were committed with a separate animus and constituted separate events. Under *Underwood*, therefore, Lemasters's sentence is not reviewable.

**{¶16}** In light of the above, the first assignment of error is overruled.

**{¶17}** Lemasters's remaining assignments of error are relative to his plea and sentencing. But Lemasters only appealed the judgment denying his motion to alter, amend, or vacate void sentence; he did not appeal the judgments relative to his plea or sentencing. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." (Citations omitted.) *State v. Hughes*, 8th Dist. No. 97311, 2010-Ohio-706, ¶ 9. The contentions presented in his remaining assignments are barred under the doctrine of res judicata.

Additionally, we presume regularity regarding the remaining assignments of error because of the lack of transcript. *Peterson* at *id*.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR