[Cite as *State v. Copeland*, 2014-Ohio-5780.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27009 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RONALD COPELAND | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 09 07 2343(B) |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2014

MOORE, Judge.

{¶1}   Defendant-Appellant, Ronald Copeland, appeals from the judgment of the Summit County Court of Common Pleas.  This Court reverses.

I.

{¶2}   A grand jury indicted Mr. Copeland on the following charges: (1) illegal manufacturing of methamphetamine; (2) illegal assembly or possession of chemicals for the manufacturing of methamphetamine; (3) six counts of child endangering, each of which pertained to a different child; (4) possession of criminal tools; (5) aggravated possession of methamphetamine; (6) possession of marijuana; (7) illegal use or possession of drug paraphernalia; and (8) having weapons while under disability.  With respect to the first two charges (illegal manufacturing and illegal assembly/possession of chemicals), the indictment charged Mr. Copeland with elevated degrees of each offense on the basis that they were committed in the vicinity of juveniles.

{¶3} Subsequently, Mr. Copeland signed a written plea of guilty in which he agreed to plead guilty to first-degree felony illegal manufacturing of drugs, aggravated possession of drugs, and four counts of child endangering in exchange for the dismissal of his remaining charges. The court conducted a plea hearing and accepted Mr. Copeland's guilty plea. The court dismissed Mr. Copeland's remaining seven charges by way of journal entry and ordered a pre-sentence investigation report ("PSI").

{¶4} Before his sentencing hearing could occur, Mr. Copeland filed a motion to merge his convictions as allied offenses of similar import. The court conducted a sentencing hearing at which both parties presented arguments on the allied offense issue. The court determined that Mr. Copeland's two drug convictions should merge with one another, but that his four child endangering convictions should not. The court sentenced Mr. Copeland to eight years on his illegal manufacturing count and two years on each of his four child endangering counts. The court then ordered all of Mr. Copeland's prison terms to run consecutively for a total of 16 years in prison.

{¶5} Mr. Copeland now appeals and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT IMPOSED SEPARATE SENTENCES FOR OFFENSES THAT AROSE FROM THE SAME CONDUCT, WERE NOT COMMITTED SEPARATELY OR WITH SEPARATE ANIMUS, AND SHOULD HAVE BEEN MERGED FOR SENTENCING PURPOSES UNDER R.C. 2941.25.

{¶6} In his sole assignment of error, Mr. Copeland argues that the trial court erred by sentencing him to allied offenses of similar import. Specifically, he argues that the court failed to consider whether his illegal manufacturing conviction should merge with his child

endangering convictions for purposes of sentencing. We remand this matter to the trial court for it to conduct an allied offense analysis in the first instance.

{¶7} "R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23. That statute provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. "A defendant's plea to multiple counts does not affect the court's duty to merge * * * allied counts at sentencing." *Underwood* at ¶ 26. When the parties do not address the allied offense issue in their plea agreement, "the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *Id.* at ¶ 29. "Failure to merge allied offenses of similar import constitutes plain error * * * because 'a defendant is prejudiced by having more convictions than are authorized by law." *State v. Asefi*, 9th Dist. Summit No. 26430, 2012-Ohio-6101, ¶ 6, quoting *Underwood* at ¶ 31.

{¶8} Initially, we address the State's contention that we should reject Mr. Copeland's assignment of error on the basis of invited error. Under the invited error doctrine, "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *Lester v. Leuck*, 142 Ohio St. 91 (1943), paragraph one of the syllabus. The doctrine requires "more than mere 'acquiescence in the trial judge's erroneous conclusion.'" *State v.*

*Campbell*, 90 Ohio St.3d 320, 324 (2000), quoting *Carrothers v. Hunter*, 23 Ohio St.2d 99, 103 (1970). Defense counsel must have been "'actively responsible' for the trial court's error" in order for the doctrine to apply. *Campbell* at 324, quoting *State v. Kollar*, 93 Ohio St. 89, 91 (1915). Because the record reflects that defense counsel merely acquiesced to the procedure the court employed below, we conclude that the invited error doctrine does not apply.

**{¶9}** When Mr. Copeland filed his motion for merger, he captioned his motion, "DEFENDANT'S MOTION TO MERGE ALL COUNTS OF HIS CONVICTION FOR SENTENCING PURPOSES." He wrote in his motion:

> In this case, [Mr. Copeland] pled guilty to six counts, (1), illegal manufacture of drugs, R.C. 2925.04(A), F-1, (2, 3, 4, 5) endangering children, R.C. 2919.22(B)(6), F-3, and (6) aggravated possession of drugs, R.C. 2925.11(A), F-5. This Court found him guilty of all six counts and ordered that a pre-sentence investigation (PSI) report be issued. [Mr. Copeland] argues that in this case, the facts shows that these offenses arose out of the same set of facts, are of a similar import, committed neither separately, nor with a separate animus as to each. Each of the offenses occurred at the same time in a single incident.

Mr. Copeland then went on to argue that (1) his drug convictions should merge with one another, and (2) his child endangering convictions should merge with one another. Although Mr. Copeland did not specify that his drug convictions and child endangering convictions should merge with one another, he also never conceded that they were separate offenses.

**{¶10}** At the sentencing hearing, Mr. Copeland only presented a merger argument with respect to his two drug convictions merging and his four child endangering counts merging. He did not argue that his drug convictions should merge with his child endangering convictions. Yet, he also never conceded that those offenses were separate offenses, and no one ever asked him to clarify his position with respect to the merger of those offenses. Moreover, in its response to Mr. Copeland's argument, the State specifically argued that Mr. Copeland's drug convictions and child endangering convictions should not merge because they constituted "two separate

acts." It was not the State's position that Mr. Copeland had conceded that those offenses should merge. Nor was it the trial court's position. The court simply did not address the merger of those two sets of convictions, and Mr. Copeland did not object to the court's analysis.

{¶11} Having reviewed the record, we cannot conclude that Mr. Copeland was "actively responsible" for any error the trial court may have made in not addressing the merger of his drug convictions with his child endangering convictions. *Campbell*, 90 Ohio St.3d at 324, quoting *Kollar*, 93 Ohio St. at 91. This case is distinct from cases where defense counsel has expressly conceded that certain offenses do not merge. *Compare, e.g., State v. Gardner*, 7th Dist. Mahoning No. 10MA52, 2011-Ohio-2644, ¶ 36 (invited error applied where "defense counsel specifically stated that felonious assault would stand by itself and would not merge"). As such, we decline to apply the invited error doctrine in the instant matter. *See Campbell* at 324 (no invited error where defense counsel "did not suggest, request, or affirmatively consent to [the] procedure").

{¶12} In its allied offense analysis, the trial court did not address the merger of Mr. Copeland's drug convictions with his child endangering convictions. Mr. Copeland argues that the court committed plain error by failing to consider whether those charges merged. He argues that, because the court failed to perform any allied offense analysis with respect to those charges, this Court should remand this matter for the trial court to do so in the first instance.

{¶13} In the context of a guilty plea, "if a trial court fails to merge allied offenses of similar import, the defendant * * * has the right to appeal the sentence." *Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, at ¶ 29. The scope of that appeal is not confined to the charges to which the defendant objected at the time of sentencing. *See State v. Washington*, 9th Dist. Lorain Nos. 10CA009767 & 10CA009768, 2011-Ohio-1149, ¶ 23-28; *Underwood* at ¶ 29 ("When the plea

agreement is silent on the issue of allied offenses of similar import, * * * the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense."). In *Washington*, the defendant argued at the time of his sentencing that two of his offenses were allied offenses. *Id.* at ¶ 20. He neglected to object to the court's imposition of multiple prison terms on two of his other offenses. *Id.* at ¶ 23. Nevertheless, he challenged both the former and latter sets of charges on appeal. *Id.* at ¶ 20-28. With respect to the latter set of charges, this Court remanded the matter so that the trial court could apply the law applicable to allied offenses in the first instance. *Id.* at ¶ 27-28, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314.

{¶14} The record reflects that the trial court did not consider whether Mr. Copeland's drug convictions should merge with his child endangering convictions. Although the trial court applied *Johnson* to resolve several of Mr. Copeland's charges, the court did not apply it to determine whether Mr. Copeland's drug convictions and child endangering convictions should merge with each other. Recently, in *State v. Helmick*, 9th Dist. Summit No. 27179, 2014-Ohio-4187, ¶ 24, this Court stated:

> While the trial court still has the duty to consider whether offenses are allied at the time of sentencing, and cannot impose multiple convictions for the same conduct, *see State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 27, given the time that has passed since *Johnson*, under certain circumstances, we now conclude that a remand to the trial court is unnecessary, even where the trial court failed to consider *Johnson*. Where it is apparent from the face of the record that the convictions at issue could not merge, this Court sees no reason to remand the matter for the trial court to consider *Johnson* * * *.

Here, it is unclear from the face of the record whether these offenses could not merge. Consequently, we remand this matter to the trial court for it to determine whether Mr. Copeland's drug convictions and child endangering convictions are, in fact, allied offenses of similar import. *See State v. Truitt*, 9th Dist. Summit No. 25527 2011-Ohio-6599, ¶ 47. *See also*

*Washington*, 2011-Ohio-1149, at ¶ 23-28. Mr. Copeland's sole assignment of error is sustained on that basis.

III.

**{¶15}** Mr. Copeland's sole assignment of error is sustained to the extent that the judgment must be reversed for the application of *State v. Johnson*. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded to the trial court for its consideration of the issue raised in Mr. Copeland's sole assignment of error.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

BELFANCE, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶16} I respectfully dissent for the reasons enunciated in my dissent in *State v. Asefi*, 9th Dist. Summit No. 26931, 2014-Ohio-2510, ¶ 17-22. Moreover, Copeland has failed to demonstrate any error by the trial court, as he failed to meet his burden of demonstrating that he is entitled to the merger of the drug offense with the child endangering offenses. *See State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, ¶ 18. He did not move for merger of those offenses below. Nor did he object to the trial court's failure to merge those offenses. Accordingly, given the absence of facts outside those alleged in the indictment, Copeland failed to demonstrate that he was entitled to merger and that the trial court committed plain error in failing to merge the drug offense with the child endangering offenses. Under these circumstances, I would affirm the trial court's judgment.


APPEARANCES:

STEPHANIE YUHAS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.