[Cite as *State v. Mayfield*, 2015-Ohio-5375.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 27655 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| EDRICK MAYFIELD | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 07 01 0186 (B) |

DECISION AND JOURNAL ENTRY

Dated: December 23, 2015

MOORE, Judge.

{¶1}    Defendant-Appellant, Edrick M. Mayfield, appeals from his convictions in the Summit County Court of Common Pleas.  We affirm in part, vacate in part and remand the matter for a limited resentencing.

I.

{¶2}    Mr. Mayfield and two co-defendants were indicted on a 31-count indictment based upon a home invasion that happened on January 12, 2007, and involved multiple victims. The indictment was later supplemented to add body armor specifications to certain charges. Ultimately, Mr. Mayfield pleaded guilty to several counts and two specifications; as part of the plea, there was an agreement that the four kidnapping counts would merge into one count, the four aggravated robbery counts would merge into one count, and the two felonious assault charges would merge into one count.  The remaining charges and specifications were dismissed. Mr. Mayfield was sentenced on one count of kidnapping in violation of R.C.

2905.01(A)(2)/(A)(3), along with accompanying firearm and body armor specifications, one count of aggravated robbery in violation of R.C. 2911.01(A)(1)/(A)(3), one count of felonious assault in violation of R.C. 2903.11(A)(1)/(A)(2), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). Mr. Mayfield was sentenced to an aggregate term of 23 years in prison.

{¶3} In 2015, Mr. Mayfield moved for leave to file a delayed appeal, which this Court granted. Mr. Mayfield raises a single assignment of error for our review.

II.

{¶4} Initially, we note that our review of the sentencing entry and transcript of the plea/sentencing hearing has revealed an error in the imposition of post-release control. Mr. Mayfield was sentenced on two first-degree felonies and thus was subject to a term of five years of post-release control upon his release from prison. *See* R.C. 2967.28(B)(1). Mr. Mayfield's sentencing entry indicates that he will be subject to post-release control "for *up to* Five (5) years as determined by the Adult Parole Authority." (Emphasis added.) Moreover, the trial court did not inform Mr. Mayfield of the length of the term of post-release control at the plea/sentencing hearing and did not mention post-release control during the sentencing phase of that hearing. "[W]hen a judge fails to impose statutorily mandated post[-]release control as part of a defendant's sentence, that part of the sentence is void and must be set aside." *State v. Taylor,* 9th Dist. Lorain No. 14CA010583, 2015-Ohio-2194, ¶ 9, quoting *State v. Keyes,* 9th Dist. Lorain No. 14CA010561, 2015-Ohio-1757, ¶ 10, quoting *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26. Thus, the portion of Mr. Mayfield's sentencing entry which improperly imposed post-release control is vacated, and Mr. Mayfield is entitled to a new sentencing hearing

limited to the proper imposition of post-release control. *See State v. Rini,* 9th Dist. Medina No. 12CA0045-M, 2013-Ohio-745, ¶ 30.

## ASSIGNMENT OF ERROR

THE TRIAL COURT FAILED TO CONDUCT THE ANALYSIS REQUIRED TO DETERMINE WHETHER THE CRIMES OF AGGRAVATED ROBBERY AND KIDNAPPING WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶5} Mr. Mayfield asserts in his sole assignment of error that the trial court erred in failing to analyze whether certain offenses were allied and subject to merger. Mr. Mayfield argues that this Court should follow its precedent in *State v. Copeland,* 9th Dist. Summit No. 27009, 2014-Ohio-5780 and *State v. Lockhart,* 9th Dist. Summit No. 26799, 2015-Ohio-856, and remand the matter for the trial court to determine whether the offenses merge in the first instance. While the State has conceded the matter should be remanded, we disagree. Because we determine that our decision is dictated by the recent Ohio Supreme Court case, *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, we overrule Mr. Mayfield's argument.

{¶6} In *Rogers*, a certified conflict case, the Supreme Court was faced with deciding "[w]hether a trial court commits plain error where multiple offenses present a facial question of allied offenses of similar import, yet the trial court fails to determine whether those offenses should merge under R.C. 2941.25 at sentencing[.]" *Id.* at ¶ 1. The Supreme Court answered the question in the negative. *Id.* at ¶ 3. The Supreme Court specified that, "[a]n accused's failure to raise the issue of allied offenses of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* "Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; absent that

showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Id.*

{¶7} Here, Mr. Mayfield asserts that the trial court erred in failing to consider whether certain offenses were allied. Mr. Mayfield did not raise this issue below, and, thus, he has forfeited all but plain error. *See id.* Mr. Mayfield has not argued plain error on appeal and has not demonstrated "a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus[.]" *Id.; see also State v. Wallace,* 9th Dist. Lorain No. 14CA010609, 14CA010610, 2015-Ohio-4222, ¶ 20, quoting *State v. Thomas,* 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 15 ("[T]his Court 'generally will not undertake a plain-error analysis if a defendant fails to do so.'") In fact, Mr. Mayfield has made no argument explaining why these offenses are allied offenses subject to merger. *See* App.R. 16(A)(7). Accordingly, Mr. Mayfield "cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error." *Rogers* at ¶ 3.

{¶8} Mr. Mayfield's assignment of error is overruled.

III.

{¶9} Mr. Mayfield's sole assignment of error is overruled. However, the portion of the sentencing entry which improperly imposed post-release control is vacated and the matter is remanded for the trial court to conduct a new sentencing hearing limited to the proper imposition of post-release control.

Judgment affirmed in part,
vacated in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

5

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RACHEL M. RICHARDSON, Assistant Prosecuting Attorney, for Appellee.