[Cite as *Stat v. Forshey*, 2016-Ohio-5809.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28020 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DANIEL N. FORSHEY | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2015 03 0811 |

DECISION AND JOURNAL ENTRY

Dated: September 14, 2016

HENSAL, Judge.

{¶1}    Daniel Forshey appeals his sentences from the Summit County Court of Common Pleas for pandering obscenity involving a minor, illegal use of a minor in nudity oriented material or performance, and pandering sexually oriented matter involving a minor. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Forshey pleaded guilty to one count of pandering obscenity involving a minor, five counts of illegal use of a minor in nudity oriented material or performance, and one count of pandering sexually oriented matter involving a minor. At sentencing, the trial court ordered him to serve his sentences consecutively for a total of ten and one half years imprisonment. Mr. Forshey has appealed, assigning as error that the trial court failed to consider whether any of the offenses were allied offenses.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO MERGE COUNTS FOURTEEN, FIFTEEN AND SIXTEEN WITH COUNT SEVENTEEN.

{¶3}    Mr. Forshey argues that the trial court should have analyzed whether any of his offenses were allied offenses that should merge under Revised Code Section 2941.25. He acknowledges that, because he did not raise this issue at sentencing he has forfeited all but plain error. *State v. Mayfield*, 9th Dist. Summit No. 27655, 2015-Ohio-5375, ¶ 6, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 1-3. He also acknowledges that, to demonstrate plain error, it is his "burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]" *Rogers* at ¶ 3.

{¶4}    Section 2941.25(B) provides that, if "the defendant's conduct constitutes two or more offenses of dissimilar import * * * the defendant may be convicted of all of them." The State argues that Mr. Forshey's offenses are not allied because they involved different victims. In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Ohio Supreme Court held that offenses are of dissimilar import under Section 2941.25(B) if they involved "separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus.

{¶5}    According to the presentence investigation report, the pandering-obscenity-involving-a-minor count involved a 14 year-old boy from Kentucky. The first illegal-use-of-a-minor-in-nudity-oriented-material-or-performance count involved Mr. Forshey's daughter. The second such count involved Mr. Forshey's son. The other three illegal-use-of-a-minor counts

involved "3 photos of unknown nude juvenile females[.]" Finally, the pandering-sexually-oriented-matter-involving-a-minor count involved a video of a "nude juvenile female[.]" At sentencing, the court confirmed with counsel that the counts that did not involve Mr. Forshey's children or the boy in Kentucky involved "unidentified minors[.]" The prosecutor also referred to the unidentified victims as "children" and emphasized the "gravity of th[e] video" to the court, noting that it involved a "six-year-old girl roughly, definitely prepubescent girl[.]"

{¶6} Upon review of the record, we cannot say that Mr. Forshey has met his burden of demonstrating that there is a reasonable probability that his convictions are for allied offenses. The presentence investigation report, the prosecutor, and the trial court each referred to multiple unidentified victims. Because offenses committed against different individuals are of dissimilar import under Section 2941.25(B), we conclude that the trial court did not plainly err when it failed to analyze whether any of Mr. Forshey's offenses were subject to merger. *See Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, at ¶ 3-4. Mr. Forshey's assignment of error is overruled.

III.

{¶7} Mr. Forshey's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

NATHAN A. RAY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.