[Cite as *State v. Snyder*, 2016-Ohio-7881.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 28109 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JUSTIN SNYDER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2015 07 2347 |

DECISION AND JOURNAL ENTRY

Dated: November 23, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Justin Snyder appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In August 2015, an indictment was filed alleging that, from June 15, 2015, through June 17, 2015, Mr. Snyder committed 2 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), 2 counts of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(5), and 10 counts of illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 2907.323(A)(3). Counts 5 through 9 specifically reference one victim and counts 10 through 14 specifically reference another victim. Counts 1 through 4, the pandering charges, did not specifically reference a victim or victims.

{¶3} Subsequently, Mr. Snyder pleaded guilty to counts 1, 2, 5, and 6. The remaining charges were dismissed. The trial court ordered that a pre-sentence investigation report ("PSI") be compiled, along with a victim impact statement, and psycho-sexual evaluation. The trial court sentenced Mr. Snyder to 3 years in prison on counts 1 and 2 and one year in prison on counts 5 and 6. The trial court ordered counts 5 and 6 to be served concurrently to each other and to counts 1 and 2 but ordered counts 1 and 2 to be served consecutively to each other for a total sentence of 6 years in prison.

{¶4} Mr. Snyder has appealed, raising two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE CONVICTIONS AND SENTENCES FOR COUNT I AND COUNT 2 VIOLATE THE DOUBLE JEOPARDY PROTECTION OF THE U.S. CONSTITUTION AND VIOLATE THE DUTY TO CONDUCT A MERGER ANALYSIS UNDER STATE V. ROGERS.

{¶5} In his first assignment of error, Mr. Snyder asserts that the trial court committed plain error in failing to merge counts 1 and 2 as they are allied offenses of similar import. Counts 1 and 2 both involve violations of R.C. 2907.322(A)(1), pandering sexually oriented matter involving a minor.

{¶6} Because Mr. Snyder failed to raise this issue at sentencing, he has forfeited all but plain error. *See State v. Forshey,* 9th Dist. Summit No. 28020, 2016-Ohio-5809, ¶ 3, citing *State v. Mayfield,* 9th Dist. Summit No. 27655, 2015-Ohio-5375, ¶ 6. "[T]o demonstrate plain error, it is his 'burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]'" *Forshey* at ¶ 3, quoting *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3.

{¶7} "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import." *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, paragraph one of the syllabus. "Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at paragraph two of the syllabus; *see also Forshey* at ¶ 4.

{¶8} The record is clear that the trial court had before it the PSI to consider in sentencing Mr. Snyder. At sentencing, the prosecutor stated the following:

> * * * None of these counts merge. They could all have separate consecutive sentences.
>
> Particularly they deal with two victims that were able to be identified, but Detective McGee said that there were at least two or three other people that he believed to be possibly underage, and there were certainly others that were of the age of majority that he was unable to identify.
>
> So this was certainly a continued, almost a daily quest taken on by Mr. Snyder to fulfill what Dr. Orlando's office has diagnosed as pedophiliac disorders and other disorders of paraphilic or hebephilia exclusive-type disorders.

{¶9} Mr. Snyder's trial counsel did not challenge the State on this point or lodge a formal objection. Thus, as stated above, Mr. Snyder's argument is reviewable only for plain error.

{¶10} On appeal, in support of his argument that the offenses are allied, Mr. Snyder points to (1) the fact that counts 1 and 2 of the indictment do not identify separate victims nor do

they contain a separate date range; and (2) no bill of particulars was filed in this case.[1] However, Mr. Snyder's argument seems to ignore that this Court is bound to consider more than the indictment in determining whether offenses are allied offenses subject to merger. *See Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, ¶ 26 ("The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import."); *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, syllabus ("When deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus.").

{¶11} After hearing the State's argument concerning why the offenses would not merge, the trial court sentenced Mr. Snyder on each count. In sentencing Mr. Snyder on counts 1 and 2, the trial court specifically stated that count 1 related to "the first victim," and count 2 related to "the second victim[.]" The trial court had before it not only the State's arguments, but also the PSI, which undoubtedly shed more light on the details of these offenses. Unfortunately, the PSI has not been made a part of this Court's record on appeal. "It is the appellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal." *State v. Yuncker,* 9th Dist. Medina No. 14CA0068-M, 2015-Ohio-3933, ¶ 17, citing App.R. 9. "[W]here the substance of the [PSI] is necessary to enable this Court to review the propriety of the sentence, the appellant's failure to ensure that the record includes the report will require a presumption of regularity in the sentencing proceedings." *State v. Daniel,* 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5. In the absence of a complete record, *see id.,* and in

---

[1] We note that nothing in the record indicates that Mr. Snyder requested a bill of particulars.

light of the repeated references at the sentencing hearing to multiple victims, *see Forshey*, 2016-Ohio-5809, at ¶ 6, Mr. Snyder has not demonstrated that the trial court committed plain error in sentencing Mr. Snyder on both counts 1 and 2.

**{¶12}** Mr. Snyder's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES WITHOUT COMPLYING WITH R.C. 2929.14(C)(4) AND CONTRARY TO THE HOLDING OF STATE V. BONNELL.

**{¶13}** Mr. Snyder asserts in his second assignment of error that, at the sentencing hearing, the trial court failed to make the statutorily required findings for imposing consecutive sentences for counts 1 and 2.

**{¶14}** In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, "the Ohio Supreme Court revisited the law applicable to an appellate court's review of felony sentences. The Supreme Court held that, pursuant to R.C. 2953.08(G)(2), 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Peterson*, 9th Dist. Summit No. 27890, 2016-Ohio-1334, ¶ 5, quoting *Marcum* at ¶ 1. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Peterson* at ¶ 5, quoting *Marcum* at ¶ 23.

**{¶15}** Pursuant to R.C. 2929.14(C)(4),

[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

**{¶17}** On appeal, Mr. Snyder appears to only challenge whether the required findings were made at the sentencing hearing. He has not argued that any findings made by the trial court were unsupported by the evidence or that the sentencing entry failed to incorporate the findings.

**{¶18}** It is true that the trial court did not offer a word-for-word recitation of the statutory language at the sentencing hearing; however, the Supreme Court of Ohio has held that such is not required. *See id.* at ¶ 29. Instead, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* Thus, no "talismanic incantation of the words of the statute" is necessary "provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* at ¶ 37.

{¶19} At the sentencing hearing, prior to imposing sentence, the trial court addressed Mr. Snyder and stated:

> Well, Mr. Snyder, in reviewing your conduct here, you are every parent[']s nightmare. You are soliciting teenage girls on line, offering them large sums of money, telling them that they what, appear to be modeling material.
>
> You pretend to be a model talent. You coax them into sending you photographs of themselves as previews to these modeling shoots.
>
> * * *
>
> No, you shouldn't be proud. You should be completely ashamed. But you engaged in the behavior over and over and over again.
>
> And we're not talking about * * * viewing material that some other creep created. We're talking about soliciting it from live people for your own sexual satisfaction, 12- to 16-year-old girls. So you are a predator. You're the definition of it.
>
> How far would you go? You know, they caught you before we would have the answer to that question. What you did was bad enough.

{¶20} Then, after imposing sentence, the trial court stated that, "[t]his is a deserved sentence, Mr. Snyder, because you are a definite threat to our community."

{¶21} While this Court encourages trial courts to refer to the language of the statute when making findings pursuant to R.C. 2929.14(C)(4), after reviewing the sentencing transcript in light of the language of the statute, we conclude that, in the instant matter, the trial court "engaged in the correct analysis" and made the requisite findings. *See Bonnell* at ¶ 29, 37. The trial court's discussion at sentencing satisfies this Court that the trial court made the findings required by R.C. 2929.14(C)(4). *See* R.C. 2929.14(C)(4)(b).

{¶22} Mr. Snyder's second assignment of error is overruled.

III.

{¶23} Mr. Snyder's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and TABITHA STEARNS, Assistant Prosecuting Attorney, for Appellee.