[Cite as *State v. Laird*, 2017-Ohio-7890.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105594**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIUS L. LAIRD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-605875-A

**BEFORE:** E.T. Gallagher, J., Keough, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 28, 2017

**FOR APPELLANT**

Demetrius L. Laird, pro se
Lake Erie Correctional Institution
501 Thompson Road
Conneaut, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Marc Bullard
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendant-appellant, Demetrius L. Laird ("Laird"), appeals, pro se, from his sentence. He raises the following assignment of error for our review:

> 1. Appellant suffers infirm to his inalienable protections against double jeopardy and cruel and unusual punishment pursuant to cumulative sentences for allied offenses of similar import.

{¶2} After careful review of the record and relevant case law, we affirm Laird's sentence.

## I. Procedural and Factual History

{¶3} In April 2016, Cleveland Police officers executed search warrants at two separate residences that were connected to their investigation into Laird's drug trafficking activities.

{¶4} In May 2016, Laird was named in a ten-count indictment, charging him with drug trafficking in violation of R.C. 2925.03(A)(2), for cocaine in an amount exceeding 100 grams, with a one-year firearm specification, a major drug offender specification, and forfeiture specifications (Count 1); drug possession in violation of R.C. 2925.11(A), for cocaine in an amount exceeding 100 grams, with a one-year firearm specification, a major drug offender specification, and forfeiture specifications (Count 2); illegal manufacture or cultivation of drugs in violation of R.C. 2925.04(A), with a one-year firearm specification and forfeiture specifications (Count 3); possession of criminal tools in violation of R.C.

2923.24(A), with forfeiture specifications (Count 4); having weapons while under disability, with forfeiture specifications (Count 5); drug trafficking in violation of R.C. 2925.03(A)(2), for N-Ethylpentylone in an amount less than the bulk amount, with a one-year firearm specification, a schoolyard specification, and forfeiture specifications (Count 6); drug possession in violation of R.C. 2925.03(A)(2), for N-Ethylpentylone in an amount less than the bulk amount, with a one-year firearm specification and forfeiture specifications (Count 7); possession of criminal tools in violation of R.C. 2923.24(A), with forfeiture specifications (Count 8); having weapons while under disability, with forfeiture specifications (Count 9); and endangering children in violation of R.C. 2919.22(A) (Count 10).

{¶5} The matter proceeded to a jury trial in November 2016. At the conclusion of trial, Laird was found guilty of drug possession, with firearm and forfeiture specifications, and having weapons while under disability as charged in Counts 7 and 9 of the indictment. He was found not guilty of drug trafficking as charged in Count 6. There was a mistrial on Counts 1, 2, 3, 4, 5, and 8. In an effort to avoid a retrial on the pending counts, Laird pleaded guilty to an amended Count 1, drug trafficking, with firearm and forfeiture specifications, and possession of criminal tools, with forfeiture specifications, as charged in Count 8. Counts 2, 3, 4, 5, and 10 were nolled.

{¶6} At sentencing, the trial court imposed an agreed-upon sentence of five years in prison. The trial court sentenced Laird to one year in prison for the firearm specification attached to Count 1, and ordered it to be served prior to and consecutive to three years in

prison on the base charge of drug trafficking. The trial court also sentenced Laird to one year in prison for the firearm specification attached to Count 7, and ordered it to be served prior to and consecutive to 12 months in prison on the base charge of drug possession. In addition, Laird was sentenced to 12 months in prison for possessing criminal tools, and 36 months in prison for having weapons while under disability. The trial court ordered the sentences imposed on the underlying charges to run concurrently to each other, but ordered the firearm specifications attached to Counts 1 and 7 to run consecutive to each other, for an aggregate five-year prison term.

{¶7} Laird now appeals from his sentence.

## II. Law and Analysis

{¶8} In his sole assignment of error, Laird argues the trial court erred by failing to merge the drug trafficking, drug possession, possession of criminal tools, and having weapons while under disability offenses for the purposes of sentencing because "they are allied offenses of similar import."

{¶9} Laird does not dispute the fact that he failed to raise the issue of allied offenses before the trial court. He has, therefore, forfeited the right to raise the issue now on appeal except for plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21-22. To demonstrate plain error, it is Laird's "burden to demonstrate a reasonable probability that [his] convictions are for allied offenses of similar import committed with the same conduct and without separate animus[.]" *Rogers* at ¶ 3.

**{¶10}** R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution, prohibiting multiple punishments for the same offense. R.C. 2941.25 states:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

**{¶11}** "In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors — the conduct, the animus, and the import." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph one of the syllabus. If any of the following are true, a defendant's convictions do not merge and he or she may be sentenced for multiple offenses: "(1) the offenses are dissimilar in import or significance—in other words, each offense caused separate, identifiable harm, (2) the offenses were committed separately, or (3) the offenses were committed with separate animus or motivation." *Id*. at ¶ 25.

**{¶12}** "At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct." *Id*. at ¶ 26. Therefore, the analysis "may result in varying results for the same set of offenses in different cases."

*State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 52, *abrogated in part*, *Ruff* at ¶ 30-33.

**{¶13}** Evidence presented at trial, during a plea hearing, or sentencing hearing will reveal whether the offenses have similar import. *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, at ¶ 26. When there are multiple victims, a defendant can be convicted of multiple counts. *Id.* Also, if a defendant's conduct constitutes two or more offenses against a single victim and the harm that results from each offense is separate and identifiable from the harm of the other offense, a defendant can be convicted of multiple offenses. *Id*.

**{¶14}** In this case, Laird's indictment reflects that Counts 1-5 stemmed from the search of a residence, where cocaine, cell phones, vehicles, money, and firearms were found. Counts 6-10 stemmed from the search of a separate residence, where N-Ethylpentylone, cell phones, money, a vehicle, and additional firearms were found. Accordingly, Laird's drug trafficking conviction (Count 1) relates to the discovery of the cocaine in the first residence, whereas his convictions for drug possession (Count 7), possession of criminal tools (Count 8), and having weapons while under disability (Count 9) relates to the discovery of N-Ethylpentylone and other evidence seized from the second residence.

**{¶15}** On appeal, Laird argues that each of his convictions should have merged for the purposes of sentencing because:

> (1) "all evidence was discovered simultaneously, (2) "the criminal tools were alleged to have facilitated all drug trafficking/possession activities," and (3)

"the having weapons while under disability offense involved the same weapon used to support the one-year firearm specification attached to the drug possession [offense] and the forfeiture specifications attached to the possession of criminal tools and drug possession [offenses]."

**{¶16}** After careful consideration, we find no merit to Laird's position. Critically, Laird has failed to provide this court with a transcript of the proceedings from his jury trial, plea hearing, or sentencing hearing. In determining whether offenses are allied offenses subject to merger, courts "are bound to consider more than the indictment." *State v. Snyder*, 9th Dist. Summit No. 28109, 2016-Ohio-7881, ¶ 10, citing *Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 26. *See also State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, syllabus ("When deciding whether to merge multiple offenses at sentencing pursuant to R.C. 2941.25, a court must review the entire record, including arguments and information presented at the sentencing hearing, to determine whether the offenses were committed separately or with a separate animus."). Without a transcript, "this record is inadequate to permit a review of the claimed error because we are unable to review [Laird's] conduct to determine whether [his] offenses" are allied offenses of similar import. *State v. Hairston*, 8th Dist. Cuyahoga No. 94112, 2010-Ohio-4014, ¶ 8, citing *State v. Barber*, 2d Dist. Montgomery No. 22929, 2010-Ohio-831, ¶ 29. Accordingly, "we must presume the regularity and validity of the trial court's proceedings and affirm its judgment." *Id.* *See also State v. Lemasters*, 8th Dist. Cuyahoga No. 97611, 2012-Ohio-3080, ¶ 11; *State v. Reese*, 1st Dist. Hamilton Nos. C-150711 and C-150712, 2016 Ohio App. LEXIS 3346, *1-2 (Aug. 19, 2016); *State v. Brooks*, 9th Dist. Lorain No. 16CA010958, 2017-Ohio-5620, ¶ 6; App.R. 9(B).

**{¶17}** Based on the foregoing, we are compelled to find that Laird has failed to demonstrate, based on facts in the record, that his convictions are for allied offenses of similar import. The trial court, therefore, did not commit plain error.

**{¶18}** Laird's sole assignment of error is overruled.

**{¶19}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MELODY J. STEWART, J., CONCUR