[Cite as *State v. Tolliver*, 2017-Ohio-4214.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 16CA010986 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCEL A. TOLLIVER | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 15CR092104 |

DECISION AND JOURNAL ENTRY

Dated: June 12, 2017

HENSAL, Presiding Judge.

{¶1} Defendant-Appellant, Marcel Tolliver, appeals his convictions for felonious assault from the Lorain County Court of Common Pleas. We affirm.

I.

{¶2} The facts underlying this felonious-assault appeal are heavily disputed. What is not disputed, however, is the fact that Mr. Tolliver and the victim were once friends, and that they got into a physical altercation at Mr. Tolliver's mother's house, which resulted in the victim sustaining a serious injury to his head.

{¶3} According to Mr. Tolliver, the victim came to Mr. Tolliver's mother's house to fight a third party. Upon arriving, the victim took off his jacket and backpack, and placed them inside the house. The victim then went outside and exchanged heated words with the third party, but the exchange did not escalate into a physical fight. Upset that the victim had caused a commotion outside of his mother's house, Mr. Tolliver told the victim to leave, called him a

name, and turned to go inside the house. The victim then "rushe[d]" Mr. Tolliver from behind. This prompted Mr. Tolliver – who was using crutches at the time as a result of a workplace injury – to strike the victim with one of his crutches. The victim then ran from Mr. Tolliver's house without retrieving his jacket or backpack.

{¶4} According to the victim, he went to Mr. Tolliver's mother's house to repay Mr. Tolliver for bond money that Mr. Tolliver had paid for an unrelated matter. Upon arriving, Mr. Tolliver – who was not using crutches at the time – told the victim that he had to fight the third party. Mr. Tolliver then pulled a gun from his waistband, and the third party ran from the house. At this point, Mr. Tolliver told the victim that he was taking his backpack, which contained hundreds of dollars. A struggle ensued, and Mr. Tolliver struck the victim on the head with the gun multiple times, causing a "hole" in the victim's head. The victim then ran from the house, and a friend drove him to his mother's house. Upon arriving, he told his mother that he had been robbed, and she called the police. Shortly thereafter, an ambulance arrived and transported the victim to the hospital.

{¶5} Although the victim initially gave the police officers a vague description of where Mr. Tolliver lived, he ultimately provided them with more detailed information. The police officers went to the house, and observed what appeared to be droplets of blood on the front porch. Mr. Tolliver's mother answered the door, but refused to consent to a search of her house. She did, however, turn over the victim's jacket and backpack, which contained all of the victim's money. The police officers returned those items to the victim.

{¶6} A grand jury indicted Mr. Tolliver on the following four counts: (1) aggravated robbery in violation of Revised Code Section 2911.01(A)(1); (2) aggravated robbery in violation of Section 2911.01(A)(3); (3) felonious assault in violation of Section 2903.11(A)(1); and (4)

felonious assault in violation of Section 2903.11(A)(2). Each count also contained accompanying firearm and repeat-violent-offender specifications. Mr. Tolliver pleaded not guilty, and the case proceeded to a bench trial.

{¶7} The trial court ultimately found Mr. Tolliver not guilty of the aggravated-robbery counts, and guilty of the felonious-assault counts, along with the accompanying specifications. Prior to sentencing, Mr. Tolliver moved for a new trial on the basis of newly discovered evidence. The newly discovered evidence, in part, was a YouTube video that the victim posted prior to trial, but that Mr. Tolliver did not discover until after trial. According to Mr. Tolliver, the video showed the victim rapping about the incident, but providing a different version of the events than what he testified to at trial. The trial court denied Mr. Tolliver's motion, finding that the evidence: (1) was available prior to trial; (2) at best, impeached the victim; and (3) was unclear as to whether it even pertained to the underlying incident. Having denied Mr. Tolliver's motion, the trial court proceeded to sentencing.

{¶8} The trial court merged the two felonious-assault convictions, and the State elected to proceed with sentencing on Count Three (i.e., the violation of Section 2903.11(A)(1)). The trial court sentenced Mr. Tolliver to two years of incarceration for the felonious-assault count, and three years for the accompanying firearm specification. The trial court ordered those sentences to run consecutively, and did not issue an additional sentence for the repeat-violent-offender specification. Mr. Tolliver now appeals, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S GUILTY VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} In his first assignment of error, Mr. Tolliver argues that his convictions for felonious assault were against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶10} Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶11} Revised Code Section 2903.11 governs felonious assault and provides that no person shall knowingly "[c]ause serious physical harm to another * * * [or] [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon[.]" R.C. 2903.11(A)(1) and (2). "Deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2903.11(E)(1) and R.C. 2923.11(A).

{¶12} Mr. Tolliver does not dispute that he caused serious physical harm to the victim. Instead, he argues that his convictions were against the manifest weight of the evidence because: (1) the evidence – including testimony from two eyewitnesses – established that he acted in self-defense; and (2) the only evidence that he used a gun to strike the victim was the victim's testimony.

**{¶13}** In response, the State argues that a conviction for felonious assault is not against the manifest weight of the evidence simply because the only evidence regarding the use of a gun is the victim's testimony. The State also argues that the trial court was free to disbelieve Mr. Tolliver's testimony that he acted in self-defense, as well as the testimony of the two eyewitnesses, neither of whom saw Mr. Tolliver strike the victim.

**{¶14}** We will begin by addressing Mr. Tolliver's argument regarding the use of a gun. This Court has specifically held that "[t]he lack of physical evidence is not dispositive, but merely a factor for the [fact finder] to weigh[.]" *State v. Henderson*, 9th Dist. Summit No. 27078, 2014-Ohio-5782, ¶ 31. Here, the trial court found that the victim's injury was more consistent with having been struck by a gun, as opposed to being struck by a crutch. The trial court also doubted whether Mr. Tolliver was using crutches on the day of the incident. Further, the trial court determined that Mr. Tolliver's description of how he struck the victim with his crutch after the victim allegedly attacked him from behind was "almost a physical impossibility[.]" Thus, despite the absence of any physical evidence of a gun, we cannot say that the trial court clearly lost its way when it determined that Mr. Tolliver used a gun to strike the victim.

**{¶15}** We now turn to Mr. Tolliver's argument that the evidence established that he struck the victim in self-defense. As this Court has stated, we "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Barger*, 9th Dist. Medina No. 14CA0074-M, 2016-Ohio-443, ¶ 29. This is because "the trier of fact is in the best position to determine the credibility of witnesses and evaluate their testimony accordingly[,]" and "is free to believe all, part, or none of the testimony of each witness." *State v. Johnson*, 9th Dist. Summit

No. 25161, 2010-Ohio-3296, ¶ 15; *Prince v. Jordan*, 9th Dist. Lorain No. 04CA008423, 2004-Ohio-7184, ¶ 35.

{¶16} Here, the trial court indicated that it found the victim's testimony to be more credible. Having reviewed the record, we cannot say that the trial court erred by doing so. Accordingly, Mr. Tolliver's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED MR. TOLLIVER'S MOTION FOR A NEW TRIAL BECAUSE MR. TOLLIVER PRESENTED EVIDENCE OF [THE VICTIM] CONTRADICTING HIS TESTIMONY THAT WAS NOT REASONABLY AVAILABLE AT TRIAL.

{¶17} In his second assignment of error, Mr. Tolliver argues that the trial court erred by denying his motion for a new trial on the basis of newly discovered evidence. We disagree.

{¶18} Criminal Rule 33(A)(6) provides that a trial court may grant a motion for a new trial "[w]hen new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." To warrant the granting of a motion for a new trial based upon newly discovered evidence, the defendant must show that the evidence:

(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505 (1947), syllabus. This Court reviews a trial court's decision in this regard for an abuse of discretion. *State v. Schiebel*, 55 Ohio St.3d 71 (1990), paragraph one of the syllabus.

{¶19} There is no dispute that the YouTube video at issue was available approximately one month prior to trial. The video shows the victim rapping, and contains references to both

Mr. Tolliver and the third party. During his rap, the victim states that Mr. Tolliver struck him in the face with his fist. As the trial court noted, however, the victim also raps about talking to the "feds[,]" and the fact that he was "hanging [out] by a fence[,]" which has nothing to do with the underlying incident.

{¶20} Mr. Tolliver argues that a no-contact order was in place at the time the victim posted the video, and that he could not have reasonably been expected to discover the video prior to trial. He also argues that the victim's statements in the video contradict his testimony at trial because the victim mentions being hit in the face by Mr. Tolliver's fist, not a gun.

{¶21} Even assuming without deciding that Mr. Tolliver could not have reasonably been expected to discover the video prior to trial, we cannot say that the trial court abused its discretion when it determined that the video, at best, served to impeach the victim. That is not a proper basis for a new trial under Criminal Rule 33(A)(6). *See Petro* at syllabus. We, therefore, hold that the trial court did not abuse its discretion by denying Mr. Tolliver's motion for a new trial. Accordingly, Mr. Tolliver's second assignment of error is overruled.

III.

{¶22} Marcel Tolliver's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRIAN J. DARLING, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and ELIZABETH LINDBERG, Assistant Prosecuting Attorney, for Appellee.