[Cite as *State v. Cross*, 2019-Ohio-3133.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

    v.

RODERICK B. CROSS, JR.

    Appellant

C.A. No.     18CA011426

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18CR097834

DECISION AND JOURNAL ENTRY

Dated: August 5, 2019

CALLAHAN, Presiding Judge.

{¶1}   Appellant, Roderick Cross, appeals his convictions by the Lorain County Court of Common Pleas.  This Court affirms in part and reverses in part.

I.

{¶2}   On January 12, 2018, the U.S. Marshals Violent Fugitive Task Force knocked on the door of a home in Elyria, Ohio in search of Mr. Cross because they had credible information leading them to believe that he was staying with the owner of the home.  The owner, S.G., acknowledged that Mr. Cross was present and allowed the officers to enter.  Mr. Cross walked into an open area near the front of the house and identified himself as "Brandon Keith."  Officers familiar with Mr. Cross suspected that this was a false name, but Mr. Cross was adamant about his identity.

{¶3}   As officers conducted a protective sweep of the residence, Mr. Cross shouted that they would find a gun on a nightstand in the back bedroom.  Meanwhile, Mr. Cross continued to

maintain that he was Brandon Keith. The officers found a loaded handgun in the location that Mr. Cross identified. Nearby, they also found a laser sight and identification belonging to Brandon Keith. According to the officers at the scene, Mr. Cross ultimately admitted his true identity and acknowledged that he owned the handgun.

{¶4} Mr. Cross was charged with having a weapon while under disability in violation of R.C. 2923.13(A)(3), identity fraud in violation of R.C. 2913.49(B)(2), and possessing criminal tools in violation of R.C. 2923.24(A). Mr. Cross waived his right to a trial by jury, and the trial court found him guilty of each charge. The trial court sentenced Mr. Cross to prison terms of twelve months on each charge, and Mr. Cross filed this appeal.

II.

**ASSIGNMENT OF ERROR NO. 1**

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶5} In his first assignment of error, Mr. Cross argues that each of his convictions is supported by insufficient evidence. This court agrees in part.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to

reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶7} R.C. 2923.13(A)(3), which prohibits having a weapon while under disability, provides that "[u]nless relieved from disability under operation of law or legal process, no person shall knowingly * * * have * * * any firearm or dangerous ordance, if * * * [t]he person * * * has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse[.]" To "have" a weapon under disability requires either actual or constructive possession. *State v. Hardy*, 60 Ohio App.2d 325, 327 (8th Dist.1978). In this context, "[c]onstructive possession has been defined as 'knowingly [exercising] dominion and control over an object, even though that object may not be within [the defendant's] immediate physical possession.'" *State v. Blue*, 9th Dist. Lorain No. 10CA009765, 2011-Ohio-511, ¶ 17, quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Ownership does not need to be proven, and constructive possession may be established by circumstantial evidence. *Blue* at ¶ 17.

{¶8} Deputy Stephen Fuller, a member of the U.S. Marshals Violent Fugitive Task force, testified that during a protective sweep of S.G.'s residence, Mr. Cross informed officers that they would find a firearm on a nightstand in the back bedroom. Officers located the firearm exactly where Mr. Cross told them they would find it and, according to Lieutenant James Walsh of the Elyria Police Department, Mr. Cross admitted that he owned the gun. The parties stipulated that Mr. Cross had prior convictions that placed him under a disability for purposes of R.C. 2923.13(A)(3). Making all reasonable inferences in favor of the State, these facts were sufficient for a trier of fact to reasonably conclude that Mr. Cross possessed a weapon while under disability beyond a reasonable doubt.

{¶9} Possessing criminal tools is prohibited by R.C. 2923.24(A), which provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." When such a device, instrument, or article is possessed "under circumstances indicating the item is intended for criminal use[,]" prima facie evidence of criminal purpose is present. R.C. 2923.24(B)(3). An "article" is "a particular item or thing[.]" *Black's Law Dictionary* 133 (10th Ed.2014). Possession may be actual or constructive, and "[c]onstructive possession is demonstrated if the items are under a defendant's dominion or control." *State v. Rucker*, 9th Dist. Summit No. 25081, 2010-Ohio-3005, ¶ 30, citing *State v. Wolery*, 46 Ohio St.2d 316, 329 (1976) and *State v. McShan*, 77 Ohio App.3d 781, 783 (8th Dist.1991).

{¶10} The circumstances surrounding the discovery of Brandon Keith's identification demonstrate constructive possession on the part of Mr. Cross. While the police swept the residence, Mr. Cross steadfastly maintained that he was Brandon Keith. Deputy Fuller testified that the identification corresponding to that name was found in the back bedroom in close proximity to the firearm that was also recovered. Mr. Cross himself drew the officers' attention to that location by directing them to the firearm that they would find there. Resolving the inferences from this evidence in favor of the State, the trier of fact could reasonably conclude that Mr. Cross possessed Brandon Keith's identification for the criminal use of evading arrest by concealing his own identity. This evidence was sufficient for a trier of fact to reasonably conclude that Mr. Cross was guilty of possessing criminal tools beyond a reasonable doubt.

{¶11} With respect to Mr. Cross's conviction for identity fraud, however, we reach a different conclusion. Identity fraud is prohibited by R.C. 2913.49, which provides that "[n[o person, *without the express or implied consent of the other person*, shall use, obtain, or possess

any personal identifying information of another person with intent to * * * [r]epresent the other person's identifying information as the person's own personal identifying information." (Emphasis added.) R.C. 2913.49(B)(2). "Personal identifying information" includes an individual's driver's license or state identification card. R.C. 2913.49(A). Lack of consent is an element of the offense of identity fraud that the State must prove beyond a reasonable doubt. *See*, *e.g.*, *State v. Gordon*, 9th Dist. Summit No. 28331, 2017-Ohio-7147, ¶ 26; *State v. Agostini*, 12th Dist. Warren Nos. CA2016–02–013, CA2016–02–014, 2017-Ohio-4042, ¶ 48; *State v. Jones*, 5th Dist. Stark No. 2010CA00214, 2011-Ohio-4440, ¶ 40; *State v. Conley*, 5th Dist. Richland No. 2009-CA-19, 2009-Ohio-2903, ¶ 42.

{¶12} The State did not produce any evidence from which the conclusion could be drawn that Mr. Cross possessed Brandon Keith's identification without his consent. In fact, evidence related to Brandon Keith in any respect was very limited: Deputy Fuller testified that he did not know whether Brandon Keith was related to Mr. Cross in any way and that he had no dealings with Brandon Keith in the past. Lieutenant Walsh testified that Mr. Cross is similar in appearance to the photograph of Brandon Keith. He also explained that he received information that Brandon Keith might be related to Mr. Cross, but could not confirm it, and that he attempted to locate Brandon Keith to no avail. Even drawing all possible inferences from this evidence in favor of the State, a trier of fact could not reasonably conclude that the State proved that Mr. Cross possessed the identification without consent from these statements alone.

{¶13} The State maintains that this Court should nonetheless conclude that there is sufficient evidence to demonstrate identity fraud because Mr. Cross did not possess the identification for a lawful reason under R.C. 2913.49(F). *See State v. Williams*, 3d Dist.

Auglaize No. 2-13-31, 2014-Ohio-4425, ¶ 14. This position, however, conflates the elements of the offense with an affirmative defense.

{¶14} R.C. 2913.49(F) sets forth three affirmative defenses to a charge of identity fraud arising under R.C. 2913.49(B). One such affirmative defense is that "[t]he personal identifying information was obtained, possessed, used, created, or permitted to be used for a lawful purpose[.]" R.C. 2913.49(F)(2)(b). While lack of consent is an element of the offense that must be proved by the State beyond a reasonable doubt, "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." R.C. 2901.05(A). A defendant who successfully proved the affirmative defense available under R.C. 2913.49(F)(2) would demonstrate that even though the elements set forth in R.C. 2913.49(B) were proved—including lack of consent—his conduct was justified by proof that he acted with a lawful purpose. *See generally State v. Poole*, 33 Ohio St.2d 18, 19 (1973).[1]

{¶15} This analysis is separate from proof of the elements of the offense. "The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects the defendant from conviction except upon proof beyond a reasonable doubt of 'all of the elements included in the definition of the offense of which the defendant is charged.'" *State v. Ireland*, 155 Ohio St.3d 287, 2018-Ohio-4494, ¶ 38, quoting *Patterson v. New York*, 432 U.S. 197, 210 (1977). Consequently, a sufficiency analysis must be applied with reference to the substantive elements of an offense without regard for any affirmative defenses. *See State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37-38, citing *Jackson v. Virginia¸* 443 U.S. 307, 315 (1979). A

---

[1] It is also worth noting that acting with "a lawful purpose" is not synonymous with "consent." One could possess another's identifying information with consent, but for an unlawful purpose.

defendant's choice not to assert and prove an affirmative defense does not constitute proof of an element of the offense by the State.

{¶16} The State did not produce evidence sufficient for a reasonable trier of fact to conclude, beyond a reasonable doubt, that Mr. Cross possessed Brandon Keith's identification without his consent. With respect to Mr. Cross's conviction for identity fraud, therefore, his first assignment of error is sustained. With respect to his convictions for having a weapon while under disability and possessing criminal tools, his first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUTION AND OF THE OHIO CONSTITUTION.

{¶17} Mr. Cross's second assignment of error argues that his convictions are against the manifest weight of the evidence. This Court disagrees.

{¶18} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶19} With respect to his conviction for having a weapon under disability, Mr. Cross maintains that both he and S.G. had motivations to lie during their interaction with law enforcement and, consequently, that testimony regarding any statements that they made at the

time was unreliable. Deputy Fuller and Lieutenant Walsh were the only witnesses who testified at trial. Neither of them explained the relationship, if any, between Mr. Cross and S.G., so it is only apparent from the record that Mr. Cross was located at S.G.'s home. Lieutenant Walsh testified that S.G. and Mr. Cross were the only people in the house at the time of the arrest. He acknowledged that Mr. Cross had a criminal record and had just misrepresented his own identity, but he denied any knowledge of a reason that Mr. Cross would have to lie about ownership of the firearm found in the bedroom. The credibility afforded this testimony is primarily a matter entrusted to the finder of fact, and we cannot conclude that Mr. Cross's conviction for having a weapon under disability is against the manifest weight of the evidence. *See State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 39, quoting *State v. Johnson*, 9th Dist. Summit No. 25161, 2010-Ohio-3296, ¶ 15.

{¶20} With respect to his conviction for possessing criminal tools, Mr. Cross appears to argue that his conviction is against the manifest weight of the evidence because it relies on circumstantial evidence that Mr. Cross intended to use Brandon Keith's identification for a criminal purpose. It is well-established, however, that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value." *State v. Treesh*, 90 Ohio St.3d 460, 485 (2001), citing *Jenks*, 61 Ohio St.3d 259, at paragraph one of the syllabus.

{¶21} Mr. Cross's convictions for having a weapon under disability and possessing criminal tools are not against the manifest weight of the evidence. His second assignment of error is overruled.

## III.

**{¶22}** Mr. Cross's first assignment of error is sustained in part and overruled in part. His second assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court for the purpose of vacating Mr. Cross's conviction for identity fraud.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

GIOVANNA BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and DANIELLELA BEARDEN, Assistant Prosecuting Attorney, for Appellee.