[Cite as *State v. Bradley*, 2024-Ohio-6087.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2024CA0025-M |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DESMANNE L. BRADLEY | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 2023CR0793 |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant, Desmanne Bradley, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Deputy Nathanial Yarborogh stopped a vehicle on Interstate 71. The vehicle had two occupants: a female driver and her front seat passenger, Mr. Bradley. The deputy ultimately removed both occupants from the vehicle and searched it. Relevant to this appeal, he found a backpack lying on the vehicle's backseat. It contained a loaded handgun and four magazines. Deputy Yarborogh asked the driver and Mr. Bradley about the gun. His inquests led him to conclude that the gun belonged to Mr. Bradley.

**{¶3}** Mr. Bradley was indicted on one count of having a weapon under disability and a specification for the forfeiture of the handgun. A jury found him guilty. The jury further found

the gun subject to forfeiture. The trial court sentenced Mr. Bradley to three years in prison and ordered the gun forfeited.

{¶4} Mr. Bradley now appeals from his conviction and raises two assignments of error for review.

II.

**ASSIGNMENT OF ERROR I**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY'S VERDICT OF "GUILTY" WITH RESPECT TO THE CHARGED OFFENSE OF HAVING WEAPONS WHILE [UNDER] DISABILITY.**

{¶5} In his first assignment of error, Mr. Bradley argues his conviction is based on insufficient evidence. He argues the State failed to prove venue. He also argues the State failed to prove he knowingly possessed a handgun. Upon review, we reject his arguments.

{¶6} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

Venue

{¶7} "Although venue is not a material element of an offense, the State must nevertheless prove venue beyond a reasonable doubt unless it is waived by the defendant." *State v. Patterson*, 2017-Ohio-8196, ¶ 17 (9th Dist.). "[V]enue 'need not be proved in express terms so long as it is established by all the facts and circumstances in the case.'" *State v. Smith*, 2024-Ohio-5030, ¶ 2, quoting *State v. Headley*, 6 Ohio St.3d 475, 477 (1983).

{¶8} Mr. Bradley argues the State failed to prove venue because neither of its witnesses testified that his charged offense occurred in Medina County. He notes that the State never directly asked either witness where his crime occurred. Thus, he argues there was insufficient evidence to establish venue and jurisdiction.

{¶9} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded the State proved venue beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. Deputy Yarborogh testified that he stopped the vehicle in which Mr. Bradley was a passenger on Interstate 71 north. He said the stop occurred while he was conducting his "[n]ormal patrol operations through the County of Medina" as a deputy for the Medina County Sheriff's Office. Further, the driver testified the stop occurred on Interstate 71 about one mile before the highway exit for Akron/Lodi. Although neither witness explicitly said the stop took place in Medina County, the State was not required to prove venue in express terms. *Smith* at ¶ 2. Mr. Bradley has not explained why the forgoing testimony was insufficient to establish that the traffic stop occurred in Medina County. *See id.*, quoting *Headley* at 477 (facts and circumstances may establish venue). This Court will not construct an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Because he has not shown that the State failed to prove venue, we reject his argument.

Constructive Possession

{¶10} R.C. 2923.13 sets forth the crime of having a weapon under disability. Relevant to this appeal, it forbids any person who has been convicted of a felony from knowingly acquiring, having, carrying, or using a firearm. R.C. 2923.13(A)(2). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶11} "To 'have' a weapon under disability requires either actual or constructive possession." *State v. Cross*, 2019-Ohio-3133, ¶ 7 (9th Dist.). "'Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession.'" *State v. Jackson*, 2018-Ohio-1285, ¶ 38 (9th Dist.), quoting *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. "Ownership does not need to be proven, and constructive possession may be established by circumstantial evidence." *Cross* at ¶ 7.

{¶12} Deputy Yarborogh testified that he conducted a vehicle search because the driver admitted there was a marijuana blunt in the center compartment. He found the marijuana and proceeded to search the rest of the vehicle's interior. On the backseat, he found the driver's purse and a yellow backpack. Someone had written "Backpak Boyz" on the front of the backpack in black marker. Deputy Yarborogh testified that he opened the backpack's front pocket zipper compartment as well as its main compartment. Inside the front compartment, he found a sock containing four magazines for a handgun. Two of those magazines were loaded. Inside the main compartment, he found a black and silver 9mm handgun. He testified that the gun was loaded and later determined to be operable.

{¶13}  Deputy Yarborogh testified that he relayed the handgun's serial number to dispatch to determine whether it had been stolen.  Dispatch was unable to find any record of the gun, meaning it had not been reported stolen.  The deputy also had dispatch perform a criminal background search on the driver and Mr. Bradley to see whether they could lawfully possess the gun.  The parties stipulated that Mr. Bradley had a prior felony conviction that would prohibit him from lawfully possessing a gun.

{¶14}  Deputy Yarborogh interviewed the driver first.  He testified that the driver initially said the handgun was hers.  Yet, she did not know what model the gun was, what caliber it was, or how many magazines were in the backpack.  When the deputy pressed her about those details, she admitted the gun belonged to Mr. Bradley.

{¶15}  Deputy Yarborogh next interviewed Mr. Bradley.  When the deputy asked him whose handgun was in the vehicle, Mr. Bradley immediately said it belonged to the driver.  He did not claim to be unaware of its presence.  Deputy Yarborogh testified that he concluded the gun belonged to Mr. Bradley because the driver did not know any details about it.  He also found it unlikely that a female would be transporting a gun in a marked-up backpack labeled "Backpak Boyz."  The evidence showed the backpack was in reach of both occupants as it was lying in the middle of the vehicle's backseat.  The deputy shared his view that the driver tried to take responsibility for the gun because she knew Mr. Bradley could not lawfully possess it.

{¶16}  The State also called the driver to testify as a witness.  She testified that Mr. Bradley was the father of her children.  On the day of the traffic stop, they were driving to a medical appointment in her brother's car.  The driver testified that she saw the backpack in the backseat but did not know whose it was.  She also testified that, at the time of the stop, she did not know whose handgun was inside the backpack.  She admitted that she told Deputy Yarborogh the gun

was hers before telling him it was Mr. Bradley's. She said she only did so because she was nervous and scared. Even so, she admitted that Mr. Bradley called her from jail the day after his arrest and told her to lie to his parole officer. The State played the recording of their conversation for the jury. On the call, Mr. Bradley told the driver to contact his parole officer and "tell him what happened." When the driver insisted that she did not know any details about the gun, Mr. Bradley told her that she just needed to say it was a black and silver 9mm. The driver admitted that Mr. Bradley had been able to accurately describe the gun, which had been concealed inside the backpack at the time of the traffic stop.

{¶17} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved Mr. Bradley had possession of a handgun while under disability. *See Jenks*, 61 Ohio St.3d at 273. The gun was within his reach, and the evidence showed he was aware of its presence. When asked about the gun, Mr. Bradley immediately said it belonged to the driver. He did not react with questions or otherwise show that he was surprised to learn of its presence. Further, he was able to accurately describe the gun when he spoke to the driver the following day. Because the gun was concealed inside the backpack at the time of the traffic stop, one could reasonably conclude that Mr. Bradley's ability to accurately describe it meant that he saw it before it was placed inside the bag. Further, the jury heard testimony that the driver did not know anything about the make, model, or caliber of the gun and eventually told Deputy Yarborogh the gun belonged to Mr. Bradley. Based on the foregoing evidence, a rational trier of fact could have concluded that the State proved Mr. Bradley knowingly possessed a handgun. We reject his argument that his conviction for having a weapon under disability is based on insufficient evidence. Accordingly, his first assignment of error is overruled.

**ASSIGNMENT OF ERROR II**

**DEFENDANT-APPELLANT'S CONVICTION OF HAVING WEAPONS WHILE UNDER DISABILITY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**{¶18}** In his second assignment of error, Mr. Bradley argues that his conviction is against the manifest weight of the evidence. We disagree.

**{¶19}** When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.). This Court "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *State v. Warren*, 2020-Ohio-6990, ¶ 25 (9th Dist.), quoting *State v. Tolliver*, 2017-Ohio-4214, ¶ 15 (9th Dist.).

**{¶20}** On cross-examination, the driver testified that the handgun belonged to a woman whose husband had fixed the car the week before. She testified that she did not know the gun belonged to that woman until the woman called looking for it the week after the traffic stop. The driver said she did not know if the woman ever called the police about having her gun returned because the woman was "an RN, a nurse, so she's very busy."

**{¶21}** Mr. Bradley argues the jury lost its way when it concluded that he knowingly possessed the handgun at issue. He once again argues that the State failed to prove venue beyond

a reasonable doubt. He also argues the State failed to prove its case because he was not the driver of the car, the backpack containing the gun was found alongside the driver's purse, no identification was found inside the backpack, the driver testified the gun belonged to a specific woman, and the State never verified ownership of the gun.

{¶22} To the extent Mr. Bradley once again challenges venue, his argument is identical to the one he raised in his first assignment of error. We have already rejected his argument for the reasons outlined above. *See* Discussion of Assignment of Error I, *supra*. Accordingly, we decline to revisit that issue under the guise of a manifest weight challenge.

{¶23} Having reviewed the record, we cannot conclude the jury went so far as to lose its way and create a manifest miscarriage of justice when it found Mr. Bradley guilty of having a weapon under disability. *See Otten*, 33 Ohio App.3d at 340. The State was not required to show that Mr. Bradley owned the gun; only that he knowingly "had" it by means of either actual or constructive possession. *See Cross*, 2019-Ohio-3133, at ¶ 7 (9th Dist.). The jury heard testimony that he was familiar with the handgun, which was concealed inside a backpack, and that it was within his reach. While the driver claimed the gun belonged to someone else, she told Deputy Yarborogh the gun was hers before telling him it was Mr. Bradley's. Further, the jury heard testimony that Mr. Bradley told the driver to call his parole officer and lie about the gun. The jury was in the best position to view the witnesses and weigh the credibility of their testimony. *See State v. Wheelock*, 2024-Ohio-1913, ¶ 25 (9th Dist.). As noted, we "will not overturn a conviction as being against the manifest weight of the evidence simply because the trier of fact chose to believe the State's version of events over another version." *Warren*, 2020-Ohio-6990, at ¶ 25 (9th Dist.), quoting *Tolliver*, 2017-Ohio-4214, at ¶ 15 (9th Dist.). Mr. Bradley has not shown this is

the exceptional case where the evidence weighs heavily against his conviction. As such, his second assignment of error is overruled.

## III.

**{¶24}** Mr. Bradley's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

FLAGG LANZINGER, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ERIC D. HALL, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.